IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

PEDRAM GHAFOURIFAR,

                Petitioner,

v.                              CIVIL ACTION NO.   3:14-cv-01501

COMMUNITY TRUST BANK, INC.,

                Defendant.

## MEMORANDUM OPINION AND ORDER

      This action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).   Plaintiff, acting *pro se*, objects to many of the findings and recommendations.   Upon *de novo* review of the findings and recommendations, the Court **DENIES** Plaintiff's objections (ECF No. 42) and **ACCEPTS** and **INCORPORATES** the Proposed Findings and Recommendations of the Magistrate Judge (ECF No. 40).   The Court accordingly **GRANTS** Defendant's Motion to Dismiss Counts I, IV, V, VI, VII and VIII (ECF No. 3), **GRANTS** Defendant's Motion to Dismiss or Alternatively Motion for Summary Judgment (ECF No. 4), and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint (ECF No. 1).

### I.       Procedural History

      On December 12, 2013, Plaintiff Pedram Ghafourifar filed a *pro se* complaint alleging eight claims against Defendant Community Trust Bank, Inc., in Cabell County Circuit Court. ECF No. 1.   The Claims relate to a loan that Defendant made to Tri-State C-P System, LLC. ECF No. 1.   Plaintiff and several other individuals owned the LLC.   ECF No. 1.   Plaintiff signed

the loan agreement on behalf of the LLC, put his own residence up as collateral for the loan, and guaranteed the full amount of the loan.   ECF No. 1.   The loan was also collateralized by a certificate of deposit, which was pledged by Mr. Severson, another owner of the LLC.   ECF No. 1; ECF No. 11, Ex. 2.   Plaintiff and the LLC both later filed for bankruptcy.   ECF No. 1. Defendant was present during, and participated in, the subsequent bankruptcy proceedings.   ECF No. 1.

In the present case, Defendant filed a notice of removal to this Court pursuant to 28 U.S.C. § 1441, on the basis of diversity jurisdiction.   ECF No. 1.   Defendant moved this Court to dismiss Counts I, IV, V, VI, VII, and VIII of the Complaint (ECF No. 3) and, with respect to Counts II and III, moved to dismiss or, alternatively, for summary judgment in favor of Defendant (ECF No. 4). Plaintiff filed a response (ECF No. 7) and Defendant filed a reply (ECF No. 11).   An initial status conference was held and the Magistrate Judge permitted both parties to conduct limited discovery and file supplemental briefs.   ECF No. 18.   Plaintiff then moved to compel disclosure or discovery and to stay the proceedings.   ECF No. 24.   Plaintiff also filed a motion to sanction Defendant and render default judgment.   ECF No. 28.   The Magistrate Judge denied Plaintiff's motion to compel as premature and denied the motion to stay as unnecessary.   ECF No. 30.   The Magistrate judge also denied Plaintiff's motion to sanction Defendant and render default judgment, explaining that Defendant had not violated a court order and that there was no other basis for sanctions.   ECF No. 33.   The Magistrate Judge entered a protective order regarding materials subject to disclosure.   ECF No. 35.   Both parties then completed discovery and filed supplemental briefs.   ECF No. 38; ECF No. 39.   The Magistrate Judge reviewed the parties' materials and submitted proposed findings of fact and recommendations for disposition.   ECF No. 40.   Plaintiff objected to the findings and recommendations.   ECF No. 42.

## II.     Standard of Review

This Court must "make a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).

The Magistrate Judge has recommended that several of Plaintiff's claims be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).   To overcome a motion to dismiss under Rule 12(b)(6), a complaint must be plausible.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).   This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Id.* at 555 (internal quotation marks and citations omitted).   To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).   Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (citation omitted).

Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ."   *Id.* (citations omitted).   If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."   *Id.* at 558 (internal quotation marks and citations omitted).   "Finally, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"   *Id.* (quoting *Twombly*, 550 U.S. at 555).

-3-

The Magistrate Judge also recommended that the Defendant be granted summary judgment on several of Plaintiff's claims.   To obtain summary judgment under Federal Rule of Civil Procedure 56, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.   *Fed. R. Civ. P.* 56(a).   In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]"   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party.   *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor[.]"   *Anderson*, 477 U.S. at 256.   Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element.   *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).   The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position.   *Anderson*, 477 U.S. at 252.

### III.   Discussion

Plaintiff filed objections to the Magistrate Judge's proposed findings and recommendations.   ECF No. 42.   Plaintiff sets out two objections related to discovery in this action, and also objects to the Magistrate Judge's recommendations for each of the eight claims in the complaint.

**Objection 1: Incomplete Discoveries**

Plaintiff argues that discovery in the present action is incomplete because he was unable to submit requests for admissions and interrogatories.   ECF No. 42.   Plaintiff claims that Defendant misled him as to the date by which Defendant would submit its responses to Plaintiff's Request to Produce Documents.   ECF No. 42.   Plaintiff contends that he needed to study these responses before preparing his requests for admissions and interrogatories.   ECF No. 42.   He further claims that without admissions and responses to interrogatories, the Defendant has been able "to conceal the truth and obstruct discovering the facts."   ECF No. 42.

Plaintiff was permitted to file written requests for discovery through June 3, 2013.   ECF No. 21.   Plaintiff argues, however, that he was unable to file requests for admissions and interrogatories because Defendant assured him that it would respond to his request for documents by May 27, 2014 but failed to do so.   ECF No. 42.   Defendant filed a certificate of service on May 27, 2014 indicating that it did in fact serve Plaintiff with a response to his request for documents.   ECF No. 22.   Furthermore, Defendant was granted through July 7, 2014 to file its responses to discovery requests.   ECF No. 21.   Therefore, regardless of the date by which Plaintiff may have expected Defendant's responses, Defendant was not required to respond to Plaintiff's discovery requests before July 7.

In addition, Plaintiff had ample time to conduct discovery in this matter and was put on notice of the discovery deadlines.   Plaintiff and Defendant were both afforded the opportunity to conduct discovery, the Magistrate Judge extended the deadline for discovery in response to a joint motion by the parties, and both parties were permitted to file supplemental briefs in support of their positions after discovery was conducted.   ECF No. 18; ECF No. 21.   The Magistrate Judge's order of May 20, 2014, modifying the discovery deadlines, clearly put Plaintiff on notice

of the last day on which to serve written discovery requests on Defendant.   ECF No. 21.
Moreover, the order adopted the specific deadlines requested by the parties in their joint motion.
ECF No. 20; ECF No. 21.   Plaintiff thus had the opportunity to conduct discovery and was on
notice as to the last day to file any written requests.   Therefore, Plaintiff did have the opportunity
to request admissions and submit interrogatories to Defendant.   Accordingly, the Court **DENIES**
the objection.

### Objection 2: Obstructing Evaluation of the Evidence

Plaintiff's second objection challenges Defendant's actions rather than the findings and
recommendations of the Magistrate Judge.   The Court thus finds this objection to be without merit
and **DENIES** the objection.

### Objection 3: Claim of Bad Faith

Plaintiff objects to the Magistrate Judge's recommendation that his claim for bad faith be
dismissed in part for failure to state a claim, and that Defendant be granted summary judgment on
the remaining part of the claim.   ECF No. 42.   Plaintiff rests his claim for bad faith on two
theories.   First, he argues that Defendant acted in bad faith by unilaterally changing the terms and
conditions of the loan agreement.   ECF No. 42.   Plaintiff entered into a loan agreement with
Defendant in order to secure funding for the LLC.   ECF No. 1.   Plaintiff contends that the Bank
and its attorney changed the terms of the loan without his consent and lied to him about the
changes.   ECF No. 42.   The Magistrate Judge explained that West Virginia case law has only
recognized a common law claim for bad faith in the context of insurance litigation.   Plaintiff's
complaint does not provide any other common law or statutory ground for his bad faith claim.
ECF No. 1.   Construing his complaint liberally, the Magistrate Judge noted that Plaintiff's claim
could be interpreted as a claim for breach of the implied covenant of good faith and fair dealing.

ECF No. 40.   However, West Virginia does not recognize a cause of action for breach of this covenant without a claim for breach of contract.   *See Wittenberg v. Wells Fargo Bank, N.A.*, 852 F. Supp. 2d 731, 750 (N.D. W. Va. 2012) ("[A] claim for breach of the implied covenant of good faith and fair dealing can only survive if the borrower pleads an express breach of contract claim.").   Plaintiff's complaint does not cite any specific provision of the loan agreement that Defendant allegedly breached when it changed the terms of the loan.   ECF No. 1.   In his objection, Plaintiff quotes a paragraph from the loan agreement regarding false statements.   ECF No. 42.   This paragraph, however, merely defines the term "false statements" and does not place a prohibition on making false statements in connection with the loan.   ECF No. 42.   Plaintiff does not clearly explain how Defendant could have violated this part of the agreement.   Therefore, the Magistrate Judge properly concluded that Plaintiff failed to state a claim where he claimed that Defendant acted in bad faith with regard to the loan agreement but did not allege that Defendant breached the loan agreement by modifying it.

Moreover, in West Virginia there is a one year statute of limitations in which to bring a claim for bad faith.   *See Noland v. Virginia Ins. Reciprocal*, 686 S.E.2d 23, 33 (W. Va. 2009).   In his complaint, Plaintiff states that he requested a loan modification in 2011.   ECF No. 1.   As the Magistrate Judge properly noted, Defendant modified the loan document, and Plaintiff was aware of the changes to the loan document, in December, 2011.   ECF No. 1; ECF No. 7.   Plaintiff did not institute this action until December, 2013.   ECF No. 1.   Thus, even if Plaintiff does have a valid claim for bad faith, he did not file his claim within the applicable limitations period and his claim is time barred.   Accordingly, in so far as Claim I is based on Defendant's modification of the loan agreement, the Court **DISMISSES** the claim.

Plaintiff also predicates Claim I on Defendant's decision to release a certificate of deposit ("CD") that it had held as collateral for the loan.   ECF No. 1.   As explained above, West Virginia has not recognized a common law cause of action for bad faith outside of the insurance context, thus the Magistrate Judge construed the complaint liberally to include a claim for breach of the implied covenant of good faith and fair dealing.   ECF No. 40.   Again, there is no separate cause of action for an alleged breach of this implied covenant absent an express claim for breach of contract.   *See Noland*, 686 S.E.2d at 33.   Here, Plaintiff has expressly alleged that Defendant breached the loan agreement when it released the CD without his consent.   ECF No. 1.

Both Plaintiff's home and the CD served as collateral for the loan.   ECF No. 1.   Plaintiff signed an unconditional guarantee as part of the loan agreement, which states that Defendant may, without consent, "release any of the Collateral, whether or not Lender receives anything in return." ECF No. 39, Ex. 6.   Defendant thus had full discretion under the loan agreement to release the CD without Plaintiff's consent.   West Virginia does not recognize a cause of action for improper exercise of discretion under a contract.   *Powell v. Bank of American, N.A.*, 842 F. Supp. 2d 966, 982 (S.D. W. Va. 2012).   Therefore Plaintiff cannot show that Defendant breached the loan agreement by releasing the CD.

Furthermore, Plaintiff argues that, by releasing the CD, Defendant annulled the Hypothecation Agreement that pledged the CD as collateral for the loan.   ECF No. 42.   The Hypothecation Agreement, however, was an agreement between Defendant and Kevin J. Severson, the individual who provided the CD.   ECF No. 11, Ex. 2.   Plaintiff is not a party to the Hypothecation Agreement and cannot sue for breach of the agreement.   Even if he was a party to the agreement, nothing in the Hypothecation Agreement prohibits Defendant from releasing the CD.   ECF No. 11, Ex. 2.   Therefore, the Magistrate Judge properly found that Plaintiff has not

raised any genuine issue of material fact regarding breach of the loan agreement or the Hypothecation Agreement.   Accordingly, the Court **GRANTS** summary judgment in favor of Defendant as to the remainder of Claim I.

**Objection 4: Claim of Breach of Contract**

Plaintiff objects to the Magistrate Judge's recommendation that Defendant be granted summary judgment on Plaintiff's claim for breach of contract.   As explained above, Plaintiff signed an unconditional guarantee giving Defendant the right to release any part of the collateral for the loan.   ECF No. 39, Ex. 6.   Furthermore, the Hypothecation Agreement is not a proper basis for Plaintiff's claim.   In his objection, Plaintiff claims that the LLC was the owner of the CD because the CD was collateral for a loan to the LLC, and that the bank thus had no right to release the CD.   ECF No. 42.   The CD was clearly pledged by Mr. Severson, not the LLC itself.   ECF No. 11, Ex. 2.   Even if the LLC did own the CD, the loan agreement gave Defendant the right to release any or all collateral without consent.   ECF No. 39, Ex. 6.   Plaintiff thus has not raised a genuine issue of material fact regarding breach of the loan agreement.   Therefore, the Court **GRANTS** summary judgment in favor of Defendant as to Claim II.

**Objection 5: Claim of Discrimination**

Plaintiff further objects to the Magistrate Judge's recommendation that his claim for discrimination be dismissed.   Plaintiff, in his complaint, alleges that Defendant has discriminated against him by releasing the CD while continuing to hold Plaintiff's house as collateral.   ECF No. 1.   Plaintiff alleges that Defendant released Mr. Severson as a guarantor but did not release Plaintiff as a guarantor of the loan.   ECF No. 1.   Plaintiff has not explained how Defendant's decision to release one part of the collateral and not to release another part of the collateral amounts to discrimination.   Moreover, Plaintiff does not point to any common law or statutory

cause of action, but instead makes an abstract claim.   Even if the Court were to look beyond the

pleadings, Plaintiff has not alleged that he is a member of a protected class and has not presented

any evidence that Defendant took discriminatory actions against him on the basis of any specific

characteristic.   In his objection, Plaintiff notes that "the CD pledger [Mr. Severson] and I are

different in age, national origin, and religious beliefs."   ECF No. 42.   Plaintiff fails, however, to

point to any one of these characteristics as the basis for his claim or to produce any evidence

supporting his allegations.   For these reasons, the Magistrate Judge properly found that Plaintiff

failed to state a plausible claim.   The Court thus **DISMISSES** Claim III.

### Objection 6: Claim of Negligence

Plaintiff objects to the recommendation by the Magistrate Judge that the Court dismiss his

claim of negligence.   A plaintiff must allege the four basic elements of negligence—duty, breach,

causation, and damages—in order to make a claim.   *Hersh v. E-T Enter., Ltd. P'ship*, 752 S.E.2d

336, 341 (W. Va. 2013); *See Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp.

2d 376, 413 (S.D.N.Y. 2013) (granting motion to dismiss where plaintiff failed to allege damages).

Plaintiff contends that Defendant was negligent in failing to serve him at his home address with

notice to take his deposition and other documents related to the bankruptcy proceedings.   He has

failed, however, to allege that Defendant's actions caused any damages.   He simply states that

Defendant "has committed negligence with respect to sending documents to the Plaintiff."   ECF

No. 1.   As Plaintiff has not alleged an element of negligence, the Magistrate Judge properly found

that he failed to state a claim under Rule 12(b)(6).   Even if the Court were to look beyond the

pleadings, Plaintiff has not presented any evidence that he suffered legally cognizable damages.

He argues that Defendant's actions subjected him to the possibility of sanctions in a separate

proceeding.   ECF No. 7.   There is no evidence that Plaintiff was ever sanctioned or that he

suffered any other type of personal injury or property damage as a result of Defendant's actions. He thus cannot show the damages element of his negligence claim.

In his objections, Plaintiff also claims that Defendant's conduct regarding claims I, II, and III constitutes negligence. Plaintiff did not make this argument in his complaint, nor does he allege any legally cognizable damages flowing from such conduct. Accordingly, the Court **DISMISSES** Claim IV.

### Objection 7: Claim of Fraud

Plaintiff objects to the Magistrate Judge's recommendation that his claim of fraud be dismissed. To make out a claim for fraud, a plaintiff must allege "(1) that the act claimed to be fraudulent was the act of the defendant or induced by him; (2) that it was material and false; that plaintiff relied upon it and was justified under the circumstances in relying upon it; and (3) that he was damaged because he relied upon it." *Kidd v. Mull*, 595 S.E.2d 308, 313 (W. Va. 2004) (quoting *Horton v. Tyree*, 139 S.E. 737, 738 (W. Va. 1927)). In his complaint, Plaintiff argues that Defendant committed fraud in a separate bankruptcy proceeding when it filed an affidavit with the bankruptcy court that contained false statements about Plaintiff. Plaintiff did not allege that he justifiably relied on any action or representation by Defendant. ECF No. 1. Not only does Plaintiff fail to allege that he relied on the statements in the affidavit, but it would likely be impossible for him to have justifiably relied on the statements if the statements referenced his own actions. Plaintiff was in the best position to know whether the statements about him were true, and thus could not have justifiably relied on any statement about him that was false. Plaintiff argues that Defendant intended "to deceive and defraud the Bankruptcy Court." ECF No. 1. As plaintiff does not allege that he personally relied on the allegedly fraudulent statements, but instead

-11-

that such statements were made in order to defraud the court, he cannot bring a claim for fraud. Therefore, the Court **DISMISSES** Claim V.

### Objection 8: Claim of Defamation

Plaintiff further objects to the Magistrate Judge's recommendation that his claim of defamation be dismissed.   Defendant filed an affidavit with the bankruptcy court in Plaintiff's bankruptcy proceeding.   Plaintiff argues that Defendant made defamatory statements about him to the bankruptcy court and to another owner of the LLC in the affidavit.   In West Virginia, the litigation privilege protects any communications published in the course of a judicial proceeding "as long as the communications are related to the prospective judicial action."   *Susko v. City of Weirton*, No. 5:09CV1, 2011 WL 221825, at *3 (N.D. W. Va. 2011) (quoting *Collins v. Red Roof Inns, Inc.*, 566 S.E.2d 595, 599 (W. Va. 2002)).   This privilege applies in defamation actions. *See Collins*, 566 S.E.2d at 603.[1]   Although the privilege may not apply where statements are published to persons outside of the judicial action, statements made to persons with an interest in the litigation are privileged.   *See id.*; *see also Harris v. NCNB Nat. Bank of North Carolina*, 355 S.E.2d 838, 843 (N.C. Ct. App. 1987).   Here, the affidavit was published to the bankruptcy court, and to another owner of the LLC.   ECF No. 1.   As the LLC had filed for bankruptcy and was a party to the proceeding, the other owners had a significant interest in the matter.   Thus, the Magistrate Judge properly found that the litigation privilege applies to the statements made in the affidavit, and that the privilege was not destroyed simply because the affidavit was published to another owner of the LLC.   Accordingly, the Court **DISMISSES** Claim VI.

---

[1] In his objection, Plaintiff cites two cases, *Kalina v. Fletcher*, 522 U.S. 118, 122 (1997), and *Buckley v. Fitzsimmons*, 509 U.S. 259, 277 (1993), in which the Supreme Court held that prosecutors were not entitled to an absolute privilege.   Neither case is on point.   Both address the issue of prosecutorial immunity to claims under 21 USC § 1983.   *Kalina*, 522 U.S. at 122; *Buckley*, 509 U.S. at 277.   Neither case addresses a claim for defamation or the privilege that applies to documents filed by civil litigants in a judicial proceeding.

### Objection 9: Claim of Trespass

Plaintiff also objects to the Magistrate Judge's recommendation that the court dismiss his claim for trespass to land.   In West Virginia, the common law tort of trespass is defined as "entry on another [person's] ground without lawful authority, and doing some damage, however inconsiderate, to his real property."   *Whiteman v. Chesapeake Appalachia, LLC*, 729 F.3d 381, 386 (4th Cir. 2013) (quoting *Hark v. Mountain Fork Lumber Co.*, 34 S.E.2d 348, 352 (W. Va. 1945)); *see Rhodes v. E.I du Pont de Nemours & Co.*, 636 F.3d 88, 96 (4th Cir. 2011) (holding that trespass claim under West Virginia law failed because plaintiffs did not show that chemicals in their water supply "damaged or interfered with the plaintiffs' possession and use of their property").   Here, Plaintiff alleges that Defendant authorized one of its employees to enter onto Plaintiff's land in order to photograph his house, which was part of the collateral for the loan. ECF No. 1.   Plaintiff does not allege that the entry onto his land caused any harm to him, his land, or his use of his land.   ECF No. 1.   Plaintiff has thus failed to allege any damages, a basic element of trespass.   The Court thus **DISMISSES** Claim VII.

### Objection 10: Claim of Invading Privacy

Finally, plaintiff objects to the Magistrate Judge's recommendation that his claim of invasion of privacy be dismissed.   West Virginia courts generally adopt the definition of an intrusion upon seclusion set out in the Restatement (Second) of Torts.   *Curran v. Amazon.com, Inc.*, No. 2:07-0354, 2008 WL 472433, at *6 (S.D. W. Va. Feb. 19, 2008).   Section 652B of the Restatement states that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 625B.   Illustrations in this section of the Restatement explain

that there is no invasion of privacy unless "the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable man, as the result of conduct to which the reasonable man would strongly object." *Id.*   Furthermore, other state courts have noted that "the invasion or intrusion must be of something which the general public would not be free to view."   *Mark v. King Broadcasting Co.*, 618 P.2d 512, 519 (Wash. Ct. App. 1980); *see Swerdlick v. Koch*, 721 A.2d 849, 857-58 (R.I. 1998).

Here, Plaintiff has not alleged any actions on the part of Defendant that rise to the level of "highly offensive" conduct or to which a reasonable person "would strongly object."   Plaintiff alleges only that an employee of Defendant entered his property in order to photograph his house. ECF No. 1.   Furthermore, Plaintiff only alleges that the exterior of his home was photographed. ECF No. 1.   As the Magistrate Judge notes, almost every home exterior can be viewed either from the street or by visiting Google Earth.   ECF No. 40.   Thus, Plaintiff has not alleged facts sufficient to make out a claim for invasion of privacy.

Plaintiff also states in his objections that Defendant violated his Fourth Amendment rights by entering his property and photographing his home.   ECF No. 42.   As the Magistrate Judge correctly explained, Defendant is not an agent of the government, thus the protections of the Fourth Amendment do not apply.   For these reasons, the Court **DISMISSES** Claim VIII.

**Conclusion**

Accordingly, for the foregoing reasons, the Court **DENIES** Plaintiff's objections (ECF No. 42), **ADOPTS AND INCORPORATES** herein the Findings and Recommendations of the Magistrate Judge (ECF No. 40), **GRANTS** Defendant's Motion to Dismiss Counts I, IV, V, VI, VII and VIII (ECF No. 3), **GRANTS** Defendant's Motion to Dismiss or Alternatively Motion for

Summary Judgment (ECF No. 4), and **DISMISSES** this action **WITH PREJUDICE**.   The Court

further **ORDERS** that this case be dismissed and stricken from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented parties.

ENTER:        September 26, 2014

ROBERT C. CHAMBERS, CHIEF JUDGE

-15-